**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3551-19

PEGGY UNDERWOOD,

    Plaintiff,

v.

Y-BY, INC., d/b/a Y-BY RENTAL
PARTY, BOROUGH OF PENNS
GROVE, a public entity, and CARL
WASHINGTON, an employee,

    Defendants.

_____

TARA M. STEWART,

    Plaintiff-Appellant,

v.

COUNCILMAN CARL
WASHINGTON, PENNS GROVE
MIDDLE SCHOOL, PENNS
GROVE-CARNEYS POINT
REGIONAL SCHOOL DISTRICT,
PENNS GROVE-CARNEYS
POINT REGIONAL BOARD OF
EDUCATION, BOROUGH OF
PENNS GROVE,

Defendants,

and

Y-BY, INC. d/b/a Y-By[1]
RENTAL PARTY,

Defendant-Respondent.

Submitted January 24, 2022 – Decided February 8, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0125-18.

Thomas J. Grosse, attorney for appellant.

Law Offices of Linda S. Bauman, attorneys for respondent (Michael F. Lynch, of counsel and on the brief).

PER CURIAM

Plaintiff Tara Stewart appeals from an April 24, 2020 Law Division order, denying reconsideration of a February 2, 2020 order that dismissed on summary judgment her negligence complaint against defendant Y-By, Inc. Because there was no cognizable evidence in the record to support a reasonable inference that Y-By was responsible for plaintiff's injuries, we affirm.

---

[1] Incorrectly pled as Y-By, Inc., d/b/a Y-Buy Rental Party.

A-3551-19

We summarize the facts from the motion record in a light most favorable to plaintiff as the non-moving party. See R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The incident occurred on June 11, 2016, while plaintiff was attending the annual Penns Grove Day Celebration at the Borough's middle school. Held on the school's football field, the event featured a parade and a fair, which included amusements, vendors, and a performance stage.

As he did in the previous two or three years, Councilman Carl Washington, who chaired the recreation committee, reserved a vehicle from Y-By to transport patrons to the various attractions set up on and around the football field. The day before the June 2016 event, a Y-By employee dropped off a John Deere "Gator" vehicle, with an attached trailer cart. Suitable for transporting up to four people, the cart was attached to the Gator with a ball mount. Washington was not present when the vehicle was dropped off at the municipal lot. When deposed, Washington explained he was taught how to operate the Gator by a Y-By employee during the first year's delivery.

On the day of the event, Washington drove several groups of people around the fair without incident. However, plaintiff and two other women were seated in the cart when the trailer suddenly detached from the Gator and flipped

A-3551-19

over. The incident occurred when Washington made a left turn on a curve of the gravel track adjacent to the football field. Plaintiff testified Washington took the curve on "two wheels" and was "going fast." Another passenger asserted Washington ignored her commands to "slow down."

Plaintiff filed a complaint on June 11, 2018, alleging Y-By and various defendants negligently caused her to suffer serious personal injuries when she was ejected from the cart. After the parties completed discovery, Y-By moved for summary judgment. Following argument and protracted colloquy with counsel on February 28, 2020, Judge Jean S. Chetney rendered an oral decision granting defendant's motion.

Thereafter, plaintiff moved for reconsideration. At the conclusion of oral argument on April 24, 2020, the judge thoughtfully readdressed her earlier decision. Noting she twice reread the deposition transcripts, the judge clarified her factual findings and conclusions of law. The judge stated she granted Y-By's summary judgment motion on two bases, i.e., the record was devoid of any evidence that Y-By failed to: communicate instructions to Washington regarding the use of the vehicle; or provide the proper vehicle for the Borough's intended use. The judge further found, even if there were a genuine issue of

material fact on those issues, "the case fails on the causation element of negligence," which "was the basis for Y-By's motion initially."

Pertinent to this appeal, the judge found the evidence demonstrated "Washington called Y-By and told Y-By that he needed a Gator to use for a parade and to transport seniors and kids across the football field for a community event." Citing the testimony of Y-By's manager that the cart lacked suspension and was not intended for "'deep off[-road] terrain'" but it was intended for "'level surfaces, paved or unpaved,'" the judge found no evidence in the record that the surfaces at issue were not level. Rather, the evidence in the record indicated the football field was a grass surface, while the track was a gravel surface. Accordingly, the judge found no evidence to support plaintiff's argument that the vehicle provided by Y-By "was inappropriate for use on those surfaces."

Finding the absence of "expert testimony about the effect of the driving or riding this cart across bumpy grass or a gravel track," the judge rejected what she framed as plaintiff's contention that "the bumpiness of the ride caused a failure of the hitch in some way." The judge concluded there was insufficient evidence of breach of a duty or causation as to plaintiff's argument that Y-By failed to provide proper equipment. Accordingly, the judge denied plaintiff's motion for reconsideration. This appeal followed.

On appeal, plaintiff only renews her claim that Y-By provided inadequate equipment, maintaining there was sufficient record evidence that Y-By failed to advise the Borough the vehicle was not suitable for use on unlevel surfaces. She asserts, without citation to the record, that the football field "was not level or even" and Y-By's manager testified the vehicle supplied by the company "was the <u>wrong</u> one for the job."

After de novo review, <u>Cypress Point Condo. Ass'n v. Adria Towers, L.L.C.</u>, 226 N.J. 403, 414 (2016), we reject plaintiff's unsupported claims. We affirm the orders under review substantially for the thoughtful and thorough reasons articulated by Judge Chetney in her accompanying decisions. Having employed the same standard as the motion judge, <u>Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 224 N.J. 189, 199 (2016), we conclude there are no material factual disputes. Plaintiff raises no issues on appeal that warrant further discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3551-19